G. Kenneth Cook and Another, Appellants, *v.* Zionist Organization of America, Respondent.

First Department, May 29, 1931.

*Murray C. Bernays* of counsel [*Frank Case Hayden,* attorney], for the appellants.

*Joseph Fischer* of counsel [*Louis J. Vorhaus* with him on the brief; *Morrison & Schiff,* attorneys], for the respondent.

McAvoy, J. Damages are sought for the alleged breach of a written contract whereby defendant employed plaintiffs to secure advertising for its magazine. Plaintiffs were to have the exclusive right to solicit in certain specified territory, and all advertising coming into the office from said territory was to be credited to the account of the plaintiffs.

Plaintiffs were to receive a service fee of fifty dollars per week, and, as compensation for their services, forty per cent of the net

amount of each contract, such compensation to be paid monthly after publication of the advertisement in the magazine. The duration of the contract was for a period of one year, beginning January 1, 1928, with provision giving plaintiffs privileges of renewal conditioned on the amount of business they procured.

Paragraph " ninth " of the contract provides that in case it is terminated by either party, the agents (plaintiffs) are entitled to their commissions on all business secured by them until the expiration of their contract. But this is obviously not intended to apply before the contract is entered upon in performance and commission earned.

Before any performance started under the contract, a dispute arose as to the interpretation of the renewal clause of the contract. Defendant notified the plaintiffs that the contract was terminated.

Defendant contends, besides asserting certain defenses of misrepresentation, that the contract was terminable at will; that there was a mutual cancellation by word of mouth, and that paragraph " ninth " of the contract limited damages to the commissions on all business secured by the plaintiffs until the expiration of the contract.

The contract provided that if the plaintiffs should " procure advertising contracts to the net amount of $40,000 during the first year," then they should be entitled to a renewal for an additional year; if plaintiffs should procure during the second year $60,000 of contracts for advertising, then they were entitled to a renewal for three additional years, provided, however, that during the additional three-year period, plaintiffs procure advertising of " at least $60,000 per annum."

Defendant asked for a change in the renewal clause, so that it would read " net to the publisher," or " to the net amount of $......," exclusive of all commissions, including even plaintiffs' own commissions. Plaintiffs contended that the understanding was correctly stated in the written contract. Defendant's agent said to plaintiffs that they should " call the whole thing off." Plaintiffs testify that they refused to cancel the contract and were insistent upon going ahead with the performance. This seems to us a breach of defendant's duty to carry out the contract as written.

Defendant has failed to prove a mutual cancellation of this agreement and nothing in it provides that the contract was terminable at will.

We find the proof as showing the making of the agreement, an alleged termination by defendant which constituted a breach thereof, no merit in defendant's assertions of cause for the breach, readiness and ability to go forward with the work, no compensation of plain-

tiffs under the service fee or monthly compensation clause, and a right of damages for the value of the contract for as long as the trial court would find it had probability of continuance based on similar contracts showing the same general features in the experience of advertisers.

We do not find the proof here sufficiently demonstrative in the matter of duration or amount to assess the damage at the loss occasioned over the five-year period of the contract at a procuring of the minimum of the required net amount of advertising. We leave that assessment for the new trial which is ordered.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.